William R. Mettler, Esq.
3115 S. Price Road
Chandler, Arizona 85248
(480) 580-5025
wrmettler@wrmettlerlaw.com

Attorney for Defendants *Evans Law Associates, PC* and *Jason J. Evans*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **CHRISTOPHER HAYNES,** | NO. 2:14-CV-01963 GMS |
| Plaintiff, | |
| V. | **ANSWER** |
| **EVANS LAW ASSOCIATES, P.C.**, a New York corporation, and **JASON J. EVANS,** | |
| Defendants. | |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendants EVANS LAW ASSOCIATES, P.C. and JASON J. EVANS, ESQ. (collectively, "Defendant"), by and through their undersigned counsel, as and for their Answer to the Complaint of CHRISTOPHER HAYNES ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and hereby responds to Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.     Defendant denies the allegations contained in paragraph one of the complaint as these allegations constitute conclusions of law. Defendant refers all questions of law to the Court.

2. Defendant denies the allegations contained in paragraph two of the complaint as these allegations constitute conclusions of law. Defendant refers all questions of law to the Court.

**PARTIES**

3. Defendant lacks information or knowledge sufficient to form a belief as to the allegations contained in paragraph three of the complaint and therefore denies said allegations.

4. Defendant lacks information or knowledge sufficient to form a belief as to the allegations contained in paragraph four of the complaint and therefore denies said allegations.

5. Defendant admits the allegations contained in paragraph five of the complaint.

6. Defendant admits the allegations contained in paragraph six of the complaint.

7. The allegations contained in paragraph seven of the complaint allege a legal conclusion and are denied as such. Defendant refers all questions of law to the court. Case law set forth in paragraph seven of the complaint is public record and speaks for itself. Therefore these allegations contained in paragraph seven of the complaint require no response from Defendant.

8. Defendant lacks information or knowledge sufficient to form a belief as to the allegations contained in paragraph eight of the complaint and therefore denies said allegations. Case law set forth in paragraph eight of the complaint is public record and speaks for itself. Therefore these allegations contained in paragraph eight of the complaint require no response from Defendant.

9. Defendant admits the allegations contained in paragraph nine of the complaint.

10. Defendant lacks information or knowledge sufficient to form a belief as to the allegations contained in paragraph ten of the complaint and therefore denies said allegations.

11. Defendant admits that it collects or attempts to collect debts from time-to-time, but denies that it violated the Fair Debt Collection Practices Act or damaged Plaintiff.

12. Defendant lacks information or knowledge sufficient to form a belief as to the allegations contained in paragraph twelve of the complaint and therefore denies said allegations.

### FACTS COMMON TO ALL COUNTS

13. Defendant denies the allegations contained in paragraph thirteen of the complaint.

14. Defendant denies the allegations contained in paragraph fourteen of the complaint.

15. Defendant denies the allegations contained in paragraph fifteen of the complaint.

16. Defendant denies the allegations contained in paragraph sixteen of the complaint.

17. Defendant denies the allegations contained in paragraph seventeen of the complaint.

18. Defendant denies the allegations contained in paragraph eighteen of the complaint.

19. Defendant denies the allegations contained in paragraph nineteen of the complaint.

### COUNT I

20. The preceding paragraphs are incorporated herein by reference as if set forth at length.

21. Defendant denies the allegations contained in paragraph twenty-one of the complaint.

### COUNT II

22. The preceding paragraphs are incorporated herein by reference as if set forth at length.

23. Defendant denies the allegations contained in paragraph twenty-three of the complaint.

### COUNT III

24. The preceding paragraphs are incorporated herein by reference as if set forth at length.

25. Defendant denies the allegations contained in paragraph twenty-five of the complaint.

## COUNT IV

26. The preceding paragraphs are incorporated herein by reference as if set forth at length.

27. Defendant denies the allegations contained in paragraph twenty-seven of the complaint.

## COUNT V

28. The preceding paragraphs are incorporated herein by reference as if set forth at length.

29. Defendant denies the allegations contained in paragraph twenty-nine of the complaint.

## JURY DEMAND

30. Defendant admits that Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

31. Any violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendant.

### SECOND AFFIRMATIVE DEFENSE

32. Any violation of the law or damage suffered by Plaintiff was due to a *bona fide* error despite defendants procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

33. Plaintiff has suffered no damages as a result of any acts or omissions of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

34. Defendants assert, without admitting any liability whatsoever, that Defendants are entitled to a set-off from any recovery made by the Plaintiff of the debt(s) owed to Defendant.

### FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff has failed to state a claim upon which relief may be granted.

**WHEREFORE,** DEFENDANTS pray for an order and judgment of this Court in their favor and against Plaintiff as follows:

1. For an Order dismissing all causes of action against DEFENDANTS with prejudice and on the merits; and,
2. For an Order awarding DEFENDANTS their reasonable court costs, and
3. For an Order awarding DEFENDANTS such other and further relief as the Court deems just and equitable.

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

RESPECFULLY SUBMITTED this the 25th day of October 2014.



_____

William R. Mettler, Esq.
3115 S. Price Road
Chandler, Arizona 85248
(480) 580-5025
wrmettler@wrmettlerlaw.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2014 I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Carlene M. Simmons, Esq.
Kamper, Estrada & Simmons, LLP
3030 N Third St, Ste. 770
Phoenix, AZ 85012

Richard John Meier, Esq.
Meier, LLC
53 W. Jackson Blvd., Ste. 304
Chicago, Illinois 60604

and, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.

*[signature]*

William R. Mettler, Esq.
Attorney for Defendants